IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

**96-6723 CIV-GONZALEZ**   MAGISTRATE JUDGE
                                   SNOW
CASE NO.:

TCCD INTERNATIONAL, INC., a
Florida Corporation,
     Plaintiff

vs.                                             **COMPLAINT**

FRENCH TRANSIT, LTD, a
California Corporation, and
JERRY ROSENBLATT, an
individual,
     Defendants.
_____/

COMES NOW, TCCD INTERNATIONAL, INC. (hereinafter "TCCD") and sues FRENCH TRANSIT, LTD. (hereinafter "FRENCH TRANSIT") and JERRY ROSENBLATT (hereinafter "ROSENBLATT") alleging as follows:

### INTRODUCTION

1. This is an action for a declaratory judgment of invalidity and non-infringement by Plaintiff, TCCD, of United States Patent 5,518,715, issued to Defendant, ROSENBLATT, and for invalidity and non-infringement by Plaintiff of Defendants' alleged United States and common law trademarks, including "LE CRYSTAL NATUREL," "CRYSTAL BODY DEODORANT," "CRYSTAL" and "CRYSTAL STICK," issued to FRENCH TRANSIT.

### PARTIES

2. Plaintiff, TCCD, is a Florida Corporation having its principal place of business at 3012 N.W. 25th Avenue, Pompano Beach, Florida.



3. Upon information and belief, ROSENBLATT, is an individual residing in California.

4. Upon information and belief, ROSENBLATT is a director and/or officer of FRENCH TRANSIT.

5. Upon information and belief, FRENCH TRANSIT, is a California corporation having its principal place of business at 398 Beach Road, Burlingame, California.

6. Upon information and belief, FRENCH TRANSIT is a distributor of a crystalline salt deodorant known as "Crystal Body Deodorant," which it distributes and sells in the state of Florida, and in the Southern district of Florida, through Florida retailers.

**JURISDICTION AND VENUE**

7. This complaint arises under the Federal Declaratory Judgment Act (28 U.S.C. § 2201) and the patent and trademark laws of the United States, Titles 35 and 15 of the United States Code, respectively. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1338(a), relating to original jurisdiction with respect to patents and trademarks, and pursuant to 28 U.S.C. § 1331 for a federal question arising under the laws of the United States.

8. Venue properly lies in this district pursuant to 28 U.S.C. §§ 1400(b) and 1391(c). Upon information and belief, FRENCH TRANSIT is subject to personal jurisdiction in this judicial district. Upon information and belief, FRENCH TRANSIT is

found and doing business in this judicial district.

## FACTS COMMON TO ALL COUNTS

9. T.O.C. is a Taiwanese company that manufactures and sells crystalline salt body deodorants in push-up and twist-up containers to American distributors. T.O.C. has in the past simultaneously sold its products to both TCCD and FRENCH TRANSIT.

10. The push-up and twist-up containers were created, designed and/or invented by Hermann Moll of T.O.C. and are the subject of Taiwan patent applications.

11. Upon information and belief, ROSENBLATT and FRENCH TRANSIT were aware of the T.O.C. patent applications since at least May 4, 1993.

12. Upon information and belief, in January and February 1994 FRENCH TRANSIT ordered and paid for two shipments of 45,000 containers of crystal body deodorant in plastic twist-up containers from T.O.C. for resale in the U.S.

13. During the course of FRENCH TRANSIT'S relationship with T.O.C., FRENCH TRANSIT agreed to work with American counsel and apply for the United States patent on T.O.C.'s Twist-Up container on behalf of T.O.C. T.O.C. provided the money for said application. The United States patent on the Twist-Up Container was to be in the name of the president of T.O.C., Hermann Moll. The patent was not applied for during the course of the business relationship between T.O.C. and the Defendants.

14. On January 12, 1995, T.O.C. made Plaintiff, TCCD, the exclusive North American distributor of T.O.C.'s crystal body deodorant in T.O.C.'s patent pending packaging.

15. On March 6, 1995, ROSENBLATT filed a United States patent application covering T.O.C.'s Twist-Up container for crystalline deodorant, which ROSENBLATT purchased from T.O.C. as early as January 1994. U.S. Patent Number 5,518,715 issued on May 21, 1996 to ROSENBLATT.

16. The March 6, 1995 application date is more than one (1) year after the first sales of the T.O.C. crystal deodorant in twist-up containers to ROSENBLATT in the United States.

17. ROSENBLATT listed himself as the inventor of the Twist-Up container for crystalline deodorant despite his knowledge that Hermann Moll of T.O.C. was the actual inventor of the container.

18. ROSENBLATT signed a declaration under penalty of perjury that the subject matter of the patent application was not on sale in this country more than one year prior to the filing of his patent application.

19. ROSENBLATT submitted the drawings from T.O.C.'s Taiwanese patent application in conjunction with the United States patent application.

20. Prior to the issuance of U.S. Patent Number 5,518,715, and with full knowledge that said patent would be invalid when issued, FRENCH TRANSIT and ROSENBLATT engaged in a course of harassment tactics engineered to interfere with TCCD's

     relationships with its retailers as the exclusive distributor of the T.O.C. crystal body deodorant in T.O.C.'s patent pending packaging.

21. FRENCH TRANSIT issued a cease and desist letter to TCCD alleging that various TCCD/T.O.C. products infringe upon U.S. Patent Number 5,518,715 issued to ROSENBLATT and that various TCCD/T.O.C. products infringe upon Federally registered and common law trademarks of FRENCH TRANSIT.

## COUNT I
## DECLARATORY JUDGMENT OF PATENT INVALIDITY/NON-INFRINGEMENT

22. TCCD alleges and incorporates by reference, as if fully set forth herein, all of the allegations contained in paragraphs 1 - 21 of the Complaint.

23. By letter dated July 1, 1996, FRENCH TRANSIT charged that TCCD'S sales of T.O.C.'s crystalline salt body deodorants in twist-up containers infringe U.S. Patent 5,518,715. An actual controversy exists between the parties as to the validity and infringement of said patent by reason of, <u>inter alia</u>, the allegations contained in the July 1, 1996 letter.

24. FRENCH TRANSIT'S conduct also includes, <u>inter alia</u>, the sending of letters and dissemination of information to Plaintiff's retailers threatening them with litigation as a result of their sales of TCCD's products.

25. Plaintiff has a current, real apprehension and belief that Defendants will file suit against it and/or its retailers in the near future if TCCD continues to sell the T.O.C.

products.

26. As a result of FRENCH TRANSIT'S actions and statements, an actual controversy regarding the validity and/or infringement of said patent now exists.

27. Patent No. 5,518,715 is invalid for failing to meet one or more of the conditions of patentability specified in Title 35 of the United States Code.

28. Upon information and belief, ROSENBLATT fraudulently claimed to be the inventor of the "Tube Container Employing a Rotating Base," subject of U.S. Patent Number 5,518,715, with full knowledge that the inventor is Hermann Moll of T.O.C.  ROSENBLATT copied the figures for his patent application directly from Moll's Taiwanese patent.

29. The allegedly patented goods were sold in the U.S. more than one year prior to ROSENBLATT'S application for a patent on the same.

30. No claims of Patent No. 5,518,715 can be validly construed to by infringed by TCCD's elliptical container.

WHEREFORE, Plaintiff, TCCD requests that judgment be entered against FRENCH TRANSIT and ROSENBLATT and in TCCD'S favor as follows:

(A)  Declaring that United States Patent No. 5,518,715 is invalid and void in law;

(B)  Declaring that United States Patent No. 5,518,715 is, as to each of the claims therein, not infringed by the TCCD/T.O.C. crystalline body deodorant in elliptical container.

(C)  Awarding reasonable attorney's fees pursuant to 35 U.S.C. 285.

## COUNT II
## DECLARATORY JUDGMENT OF TRADEMARK INVALIDITY/NON-INFRINGEMENT

31. TCCD alleges and incorporates by reference, as if fully set forth herein, all of the allegations contained in paragraphs 1 - 30 of the Complaint.

32. By letter dated July 1, 1996, FRENCH TRANSIT charged that TCCD'S crystalline salt body deodorants in distinctive twist-up containers infringe Federally registered and common law trademarks of FRENCH TRANSIT, as well as trade dress of FRENCH TRANSIT products. An actual controversy exists between the parties as to the validity and infringement of said trademarks by reason of, <u>inter alia</u>, the allegations contained in the July 1, 1996 letter.

33. Plaintiff has a current, real apprehension and belief that Defendants will file suit against it in the near future if TCCD continues to sell its products in their current packaging.

34. As a result of FRENCH TRANSIT'S actions and statements, an actual controversy regarding the validity and/or infringement of said trademarks now exists.

35. Defendant's federally registered trademark is invalid for failing to meet on or more of the conditions of registrability specified in Title 15 of the United States Code.

36. TCCD's trademarks and tradedress are not confusingly similar to the federally registered and common law trademarks and tradedress of FRENCH TRANSIT.

WHEREFORE, Plaintiff, TCCD requests that judgment be entered against FRENCH TRANSIT and ROSENBLATT and in TCCD'S favor as follows:

(A) Declaring that FRENCH TRANSIT'S United States Trademark is invalid and void in law;

(B) Declaring that the trademarks and tradedress alleged to be infringed in the July 1, 1996 letter are not infringed by the TCCD crystalline body deodorant packaging.

(C) Awarding reasonable attorney's fees pursuant to 15 U.S.C. 1117.

### TRIAL BY JURY IS DEMANDED

Respectfully Submitted,

RICHARD M. SACCOCIO, P.A.
8221 Glades Road, Ste. 202
Boca Raton, Fl. 33434-4033
Telephone: 407-488-3000
Fax: 407-488-3070

BY: Richard M. Saccocio, Esq.
Fl. Bar No. 166,770

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Complaint has been furnished by U.S. Mail this 2 day of July 1996 to:

Kimberly A. Donovan, Esquire
Ropers, Majeski, Kohn & Bentley
1001 Marshall Street
Redwood City, Ca. 94083

        Respectfully Submitted,

        RICHARD M. SACCOCIO, P.A.
        8221 Glades Road, Ste. 202
        Boca Raton, Fl. 33434-4033
        Telephone: 407-488-3000
        Fax: 407-488-3070

        By: Richard M. Saccocio, Esq.
        Fl. Bar No. 166,770

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**96-6723 CIV-GONZALEZ**
**MAGISTRATE JUDGE SNOW**

**I (a) PLAINTIFFS**
TCCD INTERNATIONAL, INC.

**DEFENDANTS**
FRENCH TRANSIT LTD., and
JERRY ROSENBLATT

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** Broward, FL
(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** San Mateo, CA
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
RICHARD M. SACCOCIO, P.A.
8221 Glades Rd., Suite 202
Boca Raton, Florida 33434-4033

**ATTORNEYS (IF KNOWN)**
ROGERS, MAJESKI, KOHN, * BENTLEY
101 Marshall St.
Redwood, CA 94063

**(d) CIRCLE COUNTY WHERE ACTION AROSE:**
DADE, MONROE, (BROWARD), PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Declaratory Judgment under 28USC2201 for non-infringement and invalidity of U.S. Trademarks (15 USC 1051 et seq) and U.S. Patents (35 USC 100 et seq)

**IVa.** 10 days estimated (for both sides) to try entire case.

## V. NATURE OF SUIT (PLACE AN x IN ONE BOX ONLY)

**A CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- B ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- B ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability

**A TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**PERSONAL INJURY**
- ☐ 362 Personal Injury — Med Malpractice
- ☐ 365 Personal Injury — Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- B ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**A REAL PROPERTY**
- ☐ 210 Land Condemnation
- B ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**A CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 440 Other Civil Rights

**B PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
- Habeas Corpus
- *☐ 530 General
- ☐ 535 Death Penalty
- *☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
*A or B

**B FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**A LABOR**
- ☐ 710 Fair Labor Standards Act
- B ☐ 720 Labor/Mgmt Relations
- ☐ 730 Labor/Mgmt Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- B ☐ 791 Empl. Ret. Inc Security Act

**A BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**A PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☒ 830 Patent
- ☐ 840 Trademark

**A SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**A FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS — Third Party 26 USC 7609

**A OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- B ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes
- *☐ 890 Other Statutory Actions *A or B
- Appeal to District ☐ 7 Judge from Magistrate Judgment

## VI. ORIGIN (PLACE AN × IN ONE BOX ONLY)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Refiled
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

**DEMAND $** N/A

Check YES only if demanded in complaint:
**JURY DEMAND:** ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE _____ DOCKET NUMBER _____

**DATE** July 2 1996
**SIGNATURE OF ATTORNEY OF RECORD** [signature]

FOR OFFICE USE ONLY: Receipt No. 309709 Amount: $120.00

UNITED STATES DISTRICT COURT
S/F I-2

070396